# Washington's Estate.

1. A testator allowed an annual sum out of the income of his estate for the use of a minor child, and directed " the balance of such income to be invested and to accumulate during the minority of my said daughter, for the benefit of my estate," and that after she attained full age the income of his estate "shall be paid to my said daughter," &c.: *Held*, that under the Act of April 18th 1853 the direction for accumulation during minority was void and the accumulations went to the daughter.

January 10th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Appeal from the Orphans' Court of *Philadelphia*: No. 201, to January Term 1872.

The proceedings in this case arose under the will of Warner F. Washington, who died October 1st 1860, having made a will dated August 2d 1860, and leaving a widow, Marie Antoinette Washington, and a minor daughter, Annie Dorsey Washington. After making provision for the payment of his debts, and continuing his business, and also for his wife, &c., he directed his estate to be paid to " The Pennsylvania Company for Insurance on Lives and Granting Annuities," in trust for the uses, &c., afterward stated in his will.

He further directed as follows:—

"*Item Ninth.*—Upon the death of my wife, the said company shall hold my said moneys and estate, principal and interest, in trust for such person or persons, and for such estate or estates,

and under such limitations as my said wife shall by her last will and testament direct, limit and appoint of and concerning the same.

"*Item Tenth.*—In the event of the death of my wife, my daughter being living, without having executed the foregoing power of appointment, I direct the said company, first, to pay to the guardians of my said daughter in equal half-yearly payments during her minority, for her support and education, the sum of eight hundred dollars annually, and to pay her, my said daughter, annually, in half-yearly payments, after she becomes of full age, the sum of fifteen hundred dollars, for her sole and separate use, whether single or married. Second, to pay annually, during their respective lives, in half-yearly payments, the sum of four hundred dollars to my mother E. S. Washington, to my sister Mary three hundred dollars, to my sisters Louisa and Rebecca each one hundred and fifty dollars, and to my sisters Catharine and Virginia each one hundred dollars. If during my daughter's minority the revenues of my said invested estate should exceed her annuity of eight hundred dollars, and the respective annuities of my mother and sisters, I direct the balance of such income to be invested and to accumulate during the minority of my said daughter for the benefit of my said estate, but after my said daughter shall have reached full age, all the excess of income of my estate beyond the said annuities to her and my mother and sisters shall be paid to my said daughter for her sole and separate estate, in addition to the annuity of fifteen hundred dollars she would then be entitled to receive. * * *

"*Item Twelfth.*—Upon the respective deaths of my mother and sisters, the annuities bequeathed to them hereby shall cease and determine, and be added to the income of my daughter Annie.

"*Item Thirteenth.*—Upon the death of my said daughter Annie, my wife having previously died intestate, it is my will that my said estate, subject to such annuities as may be then outstanding, shall be held by the said company for the use and benefit of such persons, and for such estates as my said daughter shall by her last will direct, limit and appoint. And in default of such will and testament, that the said company shall hold my said estate for the absolute use and benefit of any child or children of my said daughter, or the child or children of any child of my said daughter, in equal proportions; the child or children of any child of my said daughter to take the proportion that his, her, or their ancestor would have been entitled to, if living at the death of my said daughter.

"*Item Fourteenth.*—If it should so happen that my said daughter should die without executing the power of appointment herein given to her, and without leaving any child or children, or the child or children of any deceased child of her my said daughter,

then my will is, that the said company shall hold my said estate for the use, benefit and behoof absolutely of such person or persons as would be my representatives under the intestate laws of Pennsylvania, if I had then died intestate and without issue." * * *

Mrs. Washington, the widow, died on the 23d of May 1862, having made a will which she declared to be an execution of her power of appointment under the decedent's will, but which was held not to be a good execution of the power.

On the 23d of September 1870, Louisa Dorsey, the testamentary guardian of Annie D. Washington the minor, petitioned the Orphans' Court of Philadelphia, setting out there were large accumulations of income from the trust estate beyond the amount directed to be paid for the maintenance of the minor; that the petitioner was advised that upon her arrival at age the minor, under the Act of Assembly of April 18th 1873, would be entitled to receive the whole income of the trust estate, and praying the court to decree the payment of an increased allowance for the use of the minor.

The company filed an answer, declaring that they were advised that the time limited for the accumulation of the income of the trust property would not expire for more than ten years; that the minor was not entitled to the additional allowance under the provisions of the Act of 1853, and that the accumulations of income were not for the benefit of the minor, but for the remaindermen under the will of Mrs. Washington.

The Act of 18th April 1853, sec. 9, is as follows:—

"No person or persons shall, after the passing of this act, by any deed, will or otherwise, settle or dispose of any real or personal property, so and in such manner that the rents, issues, interests or profits thereof shall be wholly or partially accumulated for any longer term than the life or lives of any such grantor or grantors, settlor, settlors or testator, and the term of twenty-one years from the death of any such grantor, settlor or testator ; *that is to say*, only after such decease during the minority or respective minorities, *with allowance for the period of gestation* of any person or persons, who, under the uses or trusts of the deed, will, or other assurance directing such accumulation, would, for the time being, if of full age, be entitled unto the rents, issues, interests and profits so directed to accumulate ; and in every case where any accumulation shall be directed otherwise than as aforesaid, such direction shall be null and void in so far as it shall exceed the limits of this act, and the rents, issues, interests and profits so directed to be accumulated contrary to the provisions of this act shall go to and be received by such person or persons as would have been entitled thereto, if such accumulation had not been directed. *Provided*, That any donation, bequest, or devise for any literary,

scientific, charitable or religious purpose, shall not come within the prohibition of this section, which shall take effect and be in force as well in respect to wills heretofore made by persons yet living and of competent mind, as in respect to wills hereafter to be made; *And provided,* That notwithstanding any direction to accumulate rents, issues, interest and profits, for the benefit of any minor or minors, it shall be lawful for the proper court as aforesaid, on the application of the guardian, where there shall be no other means for maintenance or education, to decree an adequate allowance for such purpose, but in such manner as to make an equal distribution among those having equal rights or expectancies, whether at the time being minors or of lawful age."

The matter was referred to John M. Collins, Esq., as examiner and master, who reported that the direction in the will for accumulation of the income was void, and that all the accumulations during her minority belonged to the minor. He also recommended, for reasons which he gave, the increased allowance prayed for.

After exceptions to the master's report, it was confirmed by the Orphans' Court, Paxson, J.

The Trust Company appealed to the Supreme Court, and in ten specifications assigned the decree for error.

*J. G. Johnson,* for appellants.

*J. Starr,* for appellee.

The opinion of the court was delivered, February 2d 1874, by

GORDON, J.—The one question presented by this case is, to whom belongs the accumulations that have accrued over and above the amount which the will of Warner F. Washington directs to be paid for the maintenance of the minor? By the provisions of the will itself they form part and parcel of the estate, of which the minor is to have the entire interest during life from and after her arrival at the age of twenty-one. Then at her death the estate goes over to her appointees or children, &c. Now if the will be effective in this disposition of these accumulations, it follows that the answer of the trustee appellant is correct; it has not in its hand any estate from which her income can be increased, for it is conceded that the body of the estate cannot be trenched upon for any such purpose.

The appellee, however, insists that these accumulations, by force of the Act of 1853, vest in the minor, the enjoyment thereof only being suspended until her majority.

This brings us directly to the consideration of the aforesaid Act of April 18th 1853. It provides that no person or persons shall, after the passage thereof, by any deed, will or otherwise, settle or dispose of any real or personal property, so and in such manner

that the rents, issues and profits thereof shall be wholly or partially accumulated for any longer term than the life or lives of any such grantor or grantors, settlor or settlors, or testator, and the term of twenty-one years from the death of any such grantor or testator; "that is to say, only after such decease, during the minority or respective minorities, with allowance for the period of the gestation of any person or persons who under the uses and trusts of the deed, will or other assurance directing such accumulation, would for the time being, if of full age, be entitled unto the rents, issues, interests and profits so directed to accumulate." All other accumulations are in express terms rendered void, except those mentioned in the first proviso. It does seem to us that the true interpretation of this act is not hard to reach. In the first place, it allows accumulations only in favor of one class of persons, who are to be possessed of two qualifications: (1) They must be minors. (2) They must be such persons who, if not minors when the deed or will goes into effect, will be entitled to take the rents and profits from which the accumulations are to arise. Any attempt to direct such accumulations into any other channel renders the deed or will void *pro tanto*, and the rents or profits so appropriated pass to the person or persons who would have been entitled thereto, if such accumulation had not been directed.

If now these accumulations go not to the minor, and it be conceded that such minor must, in order to satisfy the terms of the statute, be a beneficiary, it follows that the benefit may be so small as virtually to amount to nothing. If, for example, in the present instance, the amount of eight hundred dollars *per annum* only belongs to Annie D. Washington, the minor, and we suppose the annual accumulation to amount to eight hundred dollars more, then certainly her allowance might have been four hundred and the accumulation twelve hundred dollars per year. Thus we may by the same supposition reduce her beneficial interest to an annuity of ten dollars or of ten cents. This, however, would be a mere evasion of the terms of the statute, which is not to be tolerated.

In order to avoid a perversion of the statute, such as above stated, the appellant is constrained to construe the act in such a manner as to permit the accumulation during the *period* of minority of any minor selected for that purpose, whether it be the beneficiary or some one else.

In other words, this is the period allowed in which the estate may be permitted to accumulate, and when the period of majority arrives, this aggregated estate may be distributed according to the directions of the deed or will creating it, without any regard whatever to the person during whose minority it was accumulated.

But, under this reading of the act, we must concede that cases may arise in which the person, during whose minority the accumulations accrue, may not be the one who, if of full age, would be

entitled to the rents, issues and profits so directed to accumulate, and hence we again come in conflict with the statute.

The error of the appellant arises from an attempt to incorporate the third clause of the British act into our Pennsylvania statute— a clause which the framers of our act were careful to exclude. A comparison of the two statutes will render the meaning of that of Pennsylvania very obvious, if indeed it were ever regarded as at all obscure.

In the English act there are four distinct cases or periods in which or during which accumulations were allowed. (1) During the life of the grantor or settlor; (2) Twenty-one years from the death of the grantor, settlor or testator; (3) During the minority or respective minorities of any person or persons who shall be living, or *en ventre sa mere* at the time of the death of the said grantor, &c.; and (4) during the minority or respective minorities only of any person or persons who, under the uses and trusts of the deed, surrender, will or other assurance directing such accumulations, would for the time being, if of full age, be entitled unto the rents, issues, profits, &c., directed to be accumulated.

Now, whatever of doubt may have arisen from the terms of this act, it was certainly not found in the fourth clause.

Jarman says (1 Jar. on Wills 268 and 269), in commenting upon the case of Halsey *v.* Bannister, 4 Madd. 275: "This decision makes the clause of the act which allows accumulations during the minority of any person who, if of age, would be entitled to the income, amount only to a mere saving or reservation of the rule of law, which so disposes of the income of minors, or rather of their surplus income, after providing for their maintenance." He says further, in the same connection, when speaking of the effect this doctrine may have upon trusts ordinarily introduced into provisions for maintenance during the minority of persons unborn at the testator's decease, which direct the unapplied surplus income to be added from time to time to the principal: "Such trusts, however, are distinguishable from the bequest in Halsey *v.* Bannister in this, that they extend only to the unapplied surplus, and not to the entire income, and therefore approach more closely to the rule of law which accumulates the incomes of minors after providing for their maintenance; though they differ from that rule in regard to the destination of the accumulated fund, which the law gives to the minor himself, but which the express trust attaches to the principal fund."

Examine now our Act of 1853, and it will be seen that it is almost a literal transcript of the British statute (39 and 40 Geo. III. c. 98), omitting the second and third clauses thereof. With this light, therefore, thrown upon the subject under consideration, and in view of these very significant omissions, it becomes to our minds certain that, with the exceptions stated in the first proviso,

[Washington's Estate.]

the legislature intended that there should be no accumulations of the estates of decedents, except in favor of those minors who should be beneficiaries under the deed or will by which the trust should be raised.

But we again revert to the clause of the statute which directs that these accumulations shall run only during the minority of those who, "if for the time being were of full age, would be entitled to the rents, issues and profits so directed to accumulate." Now, it is a singular interpretation of the act, which, whilst it must admit of the starting of the accumulations with the minority of one who, if of full age, would be entitled to the rents, issues and profits directed to be accumulated, nevertheless insists that such person may not be so entitled when such rents, &c., have been accumulated.

It is not conceivable that the framers of this statute intended a construction so contradictory.

We must, therefore, conclude that that part of the will of Warner F. Washington, which directs the accumulations to be incorporated into and form part of the body of his estate, falls, and that such accumulations revert to and form part of the estate of Annie D., the only child of the said Warner F. Washington, who is the one thereunto entitled. The first exception raised to the ruling of the court below having been abandoned by the appellant's counsel, and the others having been considered in the preceding opinion, it only remains for us to say that we find no fault with the allowance made for the maintenance of the minor by the court below.

Appeal dismissed at the costs of the appellant.