## McKee's Appeal.

96　277
143　224

96　277
180　520

96　277
190　180

96　277
191　82

M. devised his mansion house to his wife for life, and bequeathed to her also an annuity of $2000 for the same period. He then provided : " And upon her decease, I will and bequeath said house, as also the rest of my worldly estate, to my children in equal shares ; and in default of children or lineal heirs of my body, at the time of my decease, I will and bequeath all my worldly estate to my brothers and sisters in equal shares." The widow and two children of the testator survived him. After his death there were large accumulations arising from the rents, issues and profits which exceeded the original estate and the necessities of the trust. One of the children, when he reached his majority, petitioned the Orphans' Court for one-half of the rents, issues and profits of the estate since he had arrived at age ; for one-half of the accumulations since the death of his father, and " the custody and possession of the property bequeathed to him in and by said will," alleging that he was entitled thereto under the Act of May 17th 1871 : *Held*, that the estate created was a vested remainder ; that the petitioner was entitled to one-half of the accumulations, but that he was not entitled to one-half of the corpus of the estate.

November 12th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Orphans' Court of *Allegheny county :* Of October and November Term 1880, No. 288.

Frederick McKee, the elder, died on March 21st 1865, leaving two children, both minors, by name Melissa McKee and Frederick McKee, and his wife, Melissa McKee. By the decedent's will, he directed that all his debts should be paid, and then provided, as follows :—

" And as to the balance of all my worldly estate, both real and personal, which it may please God to intrust me with at the time of my death, I do hereby dispose of the same in the following manner :—

" To my beloved wife, Melissa Patterson McKee (in place of her dower or share at law), I will and bequeath the mansion-house, located on Carson street, East Birmingham, purchased from the executors of the late Mark Sterling, and the lot of ground connected therewith, and the household furniture contained therein at the time of my decease, to have, to hold, and to use the same during her natural life.

" Also, I will and bequeath the sum of two thousand dollars ($2000) per annum, to be paid her during her life by my executors ; and upon her decease, I will and bequeath the said house, as also all the rest of my worldly estate, to my children in equal shares ; and in default of children or lineal heirs of my body at the time of her decease, I will and bequeath all my worldly estate to my brothers and sisters in equal shares.

" And it is my will, and I order and direct that my executors, hereinafter named, shall carry on the business of manufacturing

flint glass, &c., at the factories now carried on by myself and brothers, for the benefit of my heirs, as long as they may think advisable; and it is my will, and I order and direct that my executors, hereinafter named, shall, on the first day of July, eighteen hundred and sixty-six, ascertain the value of two-twelfths (2–12) of the whole interest or capital, and shall convey and sell the same to my brother, Stewart McKee, taking notes for same as may suit said Stewart McKee, to pay, say, within ten years; and I further order and will and direct that my executors shall not press any of my brothers for payment of any notes I may hold against them; and I do hereby make and ordain Alexander H. Miller, Esq., and my brother, William S. McKee, and my brother, Henry S. McKee, executors of my last will and testament, and 'I do also make my said executors the guardians of my children."

A. H. Miller declined to act either as trustee or executor. William S. McKee died in 1872, and H. Sellers McKee, as executor and trustee, managed the estate. At the testator's death, his personalty consisted of the one-fourth interest in the firm of McKee Bros., who were engaged in the manufacture and sale of glass, his interest in the estates of James McKee, deceased, and Thomas McKee, deceased, and certain notes, stock in incorporated companies, and cash on hand. The trust was so administered, that the accumulations since the testator's death, after first deducting all the income paid to the mother, amounted to about one hundred thousand dollars, as appeared by the account of the executor and trustee, filed on May 12th 1880.

Frederick McKee, the son, arrived at age on December 26th 1879; his sister is still a minor. On May 12th 1880, he filed his petition setting forth the above facts; that his mother, Melissa McKee, the widow of his father, and his sister Melissa, are still alive, and claimed as follows: That, under the Act of the General Assembly of April 18th 1853, sect. 9, Purd. Dig. 1245, commonly known as the act against accumulations, the entire accumulations since his father's death are void, and that he is entitled now, absolutely, in his own right, to receive one-half part of the same.

The court, in an opinion, said:—

" This case does not fall within the purview of the Act of May 17th 1871, sect. 1, Purd. Dig. 449, pl. 214. The petitioner cannot be said to have been bequeathed an estate ' for life or for years, or for any other limited period, or upon condition or contingency ' in the personal property left by the testator within the meaning of that act; he was not given expressly a present vested interest, but on the contrary, was expressly given a vested estate in remainder limited to take effect on the decease of his mother: King v. King, 1 W. & S. 205.

" The testator created an antecedent active trust with respect to

his personal estate, the main purpose of which was to provide for his widow during life. The amount which he directs his trustees to pay her annually ($2000), corresponds nearly with that which the available personal estate left by him ($35,000 say), would produce if invested at legal interest. Cases in which more than six per cent. per annum has been realized on trust funds are so unusual that there is no ground for supposing that the testator expected more in this case.

"This view is strengthened by the fact that no one, other than the widow, is mentioned as a beneficiary during her life. Whether the *corpus* of the estate will continue as productive as it has heretofore, it is impossible to foretell. The retention of the whole *corpus* is therefore necessary to the security of the trust created by the testator. But the annuity to the widow having been expressly given in lieu of her dower in his whole estate, in no event is she entitled to accumulations beyond the amount specified in the will. These accumulations, therefore, belong to the petitioner and his sister absolutely, whether under the statute against accumulations (Washington's Estate, 25 P. F. Smith 102), or the intestate law, is immaterial."

The court then made a decree: "That the said petition of Frederick McKee be dismissed, in so far as it prays that the executor and trustee pay over to the petitioner the one-half of *corpus* or principal of the estate of Frederick McKee, deceased, and that the prayer thereof, so far as it prays for the payment to him of one-half of the accumulations in the hands of the said executor and trustee, is hereby sustained, and the said trustee and executor is hereby directed to pay the same, amounting to, say $50,000, over to said Frederick McKee, the petitioner."

From this decree the executor and trustee, the guardian of Melissa McKee, and the brothers and sisters of Frederick McKee, deceased, took this appeal and assigned for error :—

1. The court erred in entering a decree that the executor and trustee under the will of Frederick McKee, deceased, pay over to Frederick McKee, the petitioner, the one-half part of the accumulations in the hands of said executor and trustee, amounting to fifty thousand dollars.

2. The court erred in not entering a decree dismissing the petition of Frederick McKee.

3. The court erred in not requiring Frederick McKee to give security as provided by the Act of May 17th 1871, sect. 1, to secure the interests of the persons entitled in remainder whenever the same shall accrue or vest in possession.

If the accumulations are held to be void, then :—

4. The court erred in ruling that Melissa McKee, the widow, was not entitled to share therein.

[McKee's Appeal.]

*George W. Biddle, W. A. Lewis* and *D. T. Watson*, for appellants.—If it be held that the effect of this will is a bequest for accumulation of the surplus of the income over and above the two thousand dollars to be paid the widow, then it is submitted that such accumulations are good until the majority of Melissa, the youngest child of the testator.

We deduce from the act against accumulations that it limits accumulation to twenty-one years; again reduces this limit to the minority of the intended beneficiary under the will or deed, and if the directions to accumulate exceed the minority of the children, it is void only for the excess of the minority,

We contend that Frederick McKee, by his will, directed his property to accumulate until his wife should die. Then he gave it to his children, if living. Therefore the accumulations were during the minority of the intended beneficiaries under the will. That the death of the mother prior to the majority of the children would reduce the period of accumulation is not in conflict with the statute, while the lengthening of her life beyond the majority of the children will not defeat the whole accumulation, but only so much of it as exceeds the majority of the youngest child. That this latter contingency has not yet arrived, and the period in which accumulations are valid has not yet been exceeded. That, as the point of time when the accumulations are to cease, under the directions of the will, is the mother's death, and as this direction, if void in any part, is only void for its excess, that is, by as much as it exceeds the minority of the beneficiary, and as it may be that, on the death of the mother, Melissa the daughter may be living, Frederick dead, and thus Melissa be the sole beneficiary under the will, therefore the accumulations during her minority are good.

If the court should, however, hold that for any reason the implied direction to accumulate is void, then we further submit that Frederick McKee, the son, is not for other reasons entitled to these accumulations. This legacy being contingent, Frederick McKee, the son, can not under the will claim to receive any share of the accumulations, if they form part of the estate of the testator, which is distributed under the will. The point of time at which bequest is to take effect, is the decease of his wife—"upon her decease." Until then neither of the children have any interest in the personalty. The condition precedent upon which they are to take is living "at the time of her decease." If they are not then living they take nothing, but it will go to his brothers and sisters. In no manner is anything given to these children unless provided that, on condition that they be living at her decease. This, we submit, clearly makes the legacy contingent: Moore *v.* Smith, 9 Watts 407; King *v.* Crawford, 17 S. & R. 118; Provenchere's Appeal, 17 P. F. Smith 466; McClure's Appeal, 22 Id. 418.

But suppose it be held that the children of the testator took vested remainders in the corpus of the estate, or rather a vested estate to enjoy in future the corpus of the estate, including the accumulations during minority, which vested estate was liable to be divested and transferred to others, if the children did not survive their mother. Then these accumulations are permitted by the very language of the act. If the interest of Frederick, the son, is in remainder, then it is vested, subject to be divested by his death before his mother. If the contingency upon which the enjoyment is to take place were to happen now, Frederick would at once enjoy, and this is the test as to whether the estate is vested or contingent. But, of course, as the present estate af Frederick is merely a right to future enjoyment, he can only enjoy the interest or issues of the accumulation (until he has fulfilled the condition of surviving his mother), and this only upon condition of giving security to refund both the corpus and interest of the accumulation during minority to those persons who, by his father's will, may be ultimately entitled to the same. Suppose the legacy here to the children to be vested as the court below seemed to think it was; then is Frederick McKee, the son, entitled to one-half of the accumulation? His estate then in the personalty would seem to be this: a present vested interest, with the period of full enjoyment postponed until his mother's death. If he dies before his mother, then a limitation over to his sister, Melissa, if she then be alive; but if not, then to the brothers and sisters of the testator. If, then, it should be held that the will does in effect contain a bequest to trustees, with directions to accumulate, that the directions to accumulate are void; that both Washington's Estate, 25 P. F. Smith 102, and Stille's Appeal, 4 W. N. C. 42, were correctly ruled, and that the bequest to the children is a vested legacy; that it would seem to be a case where personal property, i. e., the accumulations, as well as the corpus of the estate, has been bequeathed to the children of Frederick McKee, deceased, upon a contingency, i. e., that upon the death of either before their mother, their share goes over: then Frederick McKee is now entitled to the one-half part of the accumulations; but, as he takes this under the will (Stille's Appeal, supra), it is just as the corpus would be, subject to a limitation over provided he dies before his mother. This being so, he must, under the provisions of Act of Assembly of May 17th 1871, sec 1 (Purd. Dig., pl. 214, p. 449), give security which will, in the opinion of the court, sufficiently secure the interest of the persons entitled in remainder, whenever the contingency happens on which these in remainder will be entitled to possession. Why he should not so do it is difficult to see. If the present cases in Pennsylvania stand, he takes the accumulations under the will just as much as he would the corpus of the estate.

If he dies before his mother, without children, to the whole fund those in remainder are entitled.

And if the court below·is correct in holding that the accumulation is void *in toto*, nevertheless a grave error has been committed in the form of the distribution.   If it be held that the testator did not die intestate, but the accumulations go on under the will, then Frederick must give security under the Act of 1871; but if the testator did die intestate as to accumulations, then also the court erred.   The court below supposed that as the testator used the language " in place of her dower or share at law," and, as the widow accepted under the will, she is thereby debarred from her right as heir-at-law under the intestate law of the state.   This is a misapprehension.   The widow, by taking the devise under the will, is debarred of her option to take against the will, whatever that right might be.   Her husband has, in fact, purchased that right from her, and she, by taking under the will, has released it to him.   But obviously a widow cannot release a right to take as heir any more than a child could do.   A release to the husband during lifetime would only confer rights to which, if he died intestate, certain persons designated by law, and these only, could lay claim.   Mrs. McKee's non-claimer here vests nothing in her children, but her rights may pass under her will, or if she die intestate, according to the intestate law.   The court below has therefore committed an error, even if right in all other branches of the decision, in the ratio of division, which in this case should be one-third to each of the children and one-third to the widow.

*George Shiras, Jr.*, for appellee.—The mansion house and an annuity of $2000 are first given to the wife, and the remainder in the house and in the principal of the annuity is vested in the testator's children and their issue, and in case the children both die before their mother, leaving no issue, then to the testator's brothers and sisters.   This is within the very definition of a vested remainder: Fearne, ch. 1, sect. 7; Croxall *v.* Sherrard, 5 Wall. 287; Goodtitle *v.* Whitby, 1 Burr. 288; Whimple *v.* Fonda, 2 Johns. 228; Doe *v.* Provost, 4 Id. 67; Etter's Estate, 11 Harris 381; King *v.* King, 1. W. & S. 205.

The view contended for by the appellants that the interests of the children are merely contingent, and that they take nothing until and unless they survive their mother, would attribute to the testator a most unnatural will.   In that view no provision was made for the children during minority, or afterwards during the many years through which, in the natural course of nature, their mother's life may be protracted.   It is a familiar rule in the construction of wills to require clear and unmistakable language to defeat or postpone heirs, and particularly when the relation of the testator to the heirs is that of a parent subject to the natural duty of

maintaining his offspring.   A remainder will be considered vested rather than contingent, if possible: Dingley *v.* Dingley, 5 Mass. 535.

It seems to us too plain for controversy that either the testator, in his will, made no provision or appointment for the excess of income that should or might remain, after meeting the annuity and the maintenance of his minor children, in which event such excess or surplus would, of course, go to his children, as in case of intestacy, or the testator must be regarded as having attempted to provide far accumulations in a manner forbidden or restricted by law; in which latter event, under the very terms of the Act of 1853, particularly as expounded in Washington's Appeal, 25 P. F. Smith 102, the accumulations go in equal shares to the two children, as the parties who are "entitled, if of full age, unto the rents, issues, interests and profits so directed to accumulate."

It is urged that supposing the children's interests are vested, yet that under the will the estates of the two children are somehow joint, and that, therefore, the statute does not forbid accumulation during the minority of the youngest child, and that as Melissa is not yet of age, this application of Frederick is premature.   The sufficient answer to this proposition is, that the will does not create a joint estate in the children.   Their shares are separate and individual.   There are not even cross-remainders created as between them.   Doubtless if either were to die without leaving issue and intestate, the other would take, but in such case the survivor would take as heir of the deceased, and not by virtue of any provision in the will.

If the court had awarded the appellee a portion of the corpus of the estate, it may be that securities might be exacted for the benefit of the brothers and sisters, but the learned judge, on the evidence before him, regarded the body of the estate as not more than sufficient to adequately secure the annuity of Mrs. McKee, and refused to order any portion of the original estate to be paid to Frederick.

If our position is sound, the interest of Frederick in the income of the estate, as well as that which had accrued during his minority as that which is continuing to accrue, is absolute, and the Orphans' Court did not err in refusing to order that he give security therefor.

It is evident that the testator made provision for his widow which he intended to be in full and exclusive of any further interest in his estate.   The rest and residue of his estate he designed for and gave to his children.   That his attempt to cause accumulations is rendered abortive by the statute does not affect or invalidate his primary purpose to give such residue to his children, nor does it increase his widow's interest beyond that devised to and accepted by her.

Mr. Justice GORDON delivered the opinion of the court, January 3d 1881.

Frederick McKee died on the 21st of March 1865, leaving to survive him a widow and two children, one of whom is the petitioner. By his will he devised his mansion house to his wife for life, and also bequeathed to her, for a like period, an annuity of $2000. He then made the following direction: "And upon her decease I will and bequeath said house, as also all the rest of my worldly estate, to my children in equal shares, and in default of children or lineal heirs of my body, at the time of her decease, I will and bequeath all my worldly estate to my brothers and sisters in equal shares." In this we have a precedent estate so limited as to determine on an event which must certainly happen, that is, the death of the widow, and the remainder so limited to ascertained persons *in esse*, Frederick and Melissa McKee, that the preceding estate may determine before the estate limited in remainder. It follows that this is a vested remainder—an estate vested *in præsenti*, but enjoyable *in futuro ;* that is, upon the mother's death.

The corpus of the estate is thus easily disposed of, for of that the testator determined that it should not go to his children until the death of his widow. But since his death there have been large accumulations arising from rents, issues and profits; accumulations which exceed the original estate, and the necessities of the trust, and the serious question is, what disposition shall be made of them?

Were we allowed to dispose of the matter, as we may suppose the testator would have disposed of it, had he known the facts as they now exist, we would say, without hesitation, these accumulations shall go to his children, for so he would have directed. But as it is obvious that he did not anticipate an increase so large to his estate after his decease, so it is just as obvious that he entertained no intention concerning it. Hence, of such intention we can predicate nothing. On the other hand, were it not for the eighth section of the Act of 18th April 1853, the question would not be difficult of solution; for, before that act, accumulations as necessarily and naturally formed part of the original estate as vegetable accretions form part of the growing plant. In such case, as the children must wait for the possession of the corpus of the estate until the time fixed for the expiration of the precedent trust, so must they wait for the accretions which by natural growth form part of the corpus. But the Act of 1853 has altered this, and made such accumulations unlawful and void, unless, with relation to them, its terms and conditions are strictly followed.

If, in the present case, we compare the provisions of the will with the terms of the act, we will find that not only were the latter not complied with, but the testator, as we have already said, not having any such accumulations in view, never intended to comply with them. The extreme period allowed for accumultions by the

[McKee's Appeal.]

act is twenty-one years, with the additional allowance of the ordinary time for gestation.   Here the time is indefinite, it may be much more than twenty-one years, for it depends upon the life of Mrs. McKee.   Again, in Washington's Estate, 25 P. F. Smith 102, it was held that the statute permits accumulations in favor of one class of persons only, who are to be possessed of two qualifications; they must be minors; they must also be such persons who will be entitled to take the rents and profits from which the accumulations arise, when the gift or grant goes into effect, though at that time they have passed their minority.   Under the operation of the will before us there is no direction in favor of any person or persons. On the other hand, if accumulation is allowed at all, it must be allowed to swell the general estate until the death of Mrs. McKee, when, as part of the corpus, it must go to whomsoever at that time may be entitled.   No ingenuity can reconcile a provision of this kind with the statute and it must therefore fall.   Had we to deal merely with time, the act itself would settle any difficulty arising from that matter, for it avoids only the excess, but where the effect of the provision is solely to swell the bulk of the estate, it is so diametrically opposed to the intent and spirit of the statute that it cannot be sustained.

Decree affirmed