## ESTATE OF SPENCER B. HIBBS, IN TRUST.

APPEAL BY J. G. HIBBS, TRUSTEE, FROM THE ORPHANS' COURT OF BUCKS COUNTY.

Argued February 9, 1891—Decided October 5, 1891.
[To be reported.]

1. When, by a testamentary direction for the accumulation of income arising from property bequeathed in trust, it is the manifest purpose of the testator to add such accumulations permanently to the original trust-

Statement of Facts.

estate, and make them take its destination, it is plainly within the pro-
hibition of § 9, act of April 18, 1853, P. L. 503.

2. The statute is not transgressed, however, by those cases in which the
accumulations are intended by the testamentary direction to be but tem-
porary, and in the interest of judicious management of the estate; the
purpose of the statute being, not to interfere with a judicious manage-
ment, but to prevent permanent accumulations: Eberly's App., 110
Pa. 95.

(a) A testator created a spendthrift trust for the benefit of his son, Spen-
cer, during life, empowering the trustee to pay to Spencer such part of
the income as he thought necessary, and to invest the balance if any,
for Spencer's benefit; bequeathing the corpus of the fund, at Spencer's
death, to such persons as the trustee should appoint by will:

3. As the power to withhold and invest part of the income did not in terms
or by necessary implication require permanent accumulations, the whole
income being directed to be used for Spencer's benefit, it might be con-
strued as authorizing the creation of a contingent fund, in anticipation
of a decrease of income, sickness and the like.

4. So construed, it fell within the class of cases in which the accumula-
tions, being intended to be temporary and in the interest of judicious
management, did not transgress the statute, if reasonable in amount:
an accumulation of $2,666.76 sustained in this instance, in the absence
of evidence that its amount was unreasonable.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WIL-
LIAMS, JJ.

No. 132 January Term 1890, Sup. Ct.; court below, number
and term not shown.

On September 16, 1886, James G. Hibbs, trustee for Spen-
cer B. Hibbs, under the will of James G. Hibbs, deceased,
filed an account exhibiting a balance of income in his hands.
On October 5, 1886, *Mr. William Stuckert* was appointed audi-
tor to pass upon exceptions to the account, and also to report
upon a petition filed by Spencer B. Hibbs, for a decree direct-
ing the trustee to pay over to the petitioner all the accrued
income, and to recommend a form of decree to be made upon
said petition.

On March 22, 1887, the auditor reported, finding in sub-
stance the following facts:

James G. Hibbs, deceased, by his last will and testament,
provided inter alia, as follows:

"4. I give and bequeath to my son, Spencer B. Hibbs, the
other half of my estate less the interest of five thousand dol-

Statement of Facts.

lars, which I hereby give to his son, Henry C. Hibbs, and five hundred dollars, which I give to his daughter, Olive Hibbs, after his decease, absolutely. The one half given to Spencer B. Hibbs is to be held in trust by my son, James G. Hibbs; and in case Spencer should die before his wife, Kate Hibbs, I hereby give to his said wife one hundred dollars a year, to be paid to her during life by James G. Hibbs, trustee of Spencer B. Hibbs."

"9. The said trustee is hereby empowered to receive the interest on the portion of the estate bequeathed to Spencer, and pay over to him whatever portion of it he shall deem necessary for him to have; the balance, if any, to be invested by him for his benefit. The said Spencer shall not have power to anticipate nor spend any portion thereof, and no part of such interest or principal is to be paid to any assignee of my said son Spencer, or to any creditor who may seek, by legal proceedings, to obtain the same."

"13. At the death of my son Spencer, I give, devise and bequeath the one moiety of my estate which I have given in trust to my son James, for the use and benefit of my son Spencer during his natural life, to such person or persons as my son James, in his last will and testament, shall designate and appoint; provided, however, that such designation and appointment shall in no manner affect, change or alter any of the provisions of my will in favor of my daughter-in-law Kate, the wife of Spencer, or his son Henry, or his daughter Olive."

Spencer B. Hibbs, the cestui que trust, was of full age at the date of the will of the testator. James G. Hibbs, Jr., the trustee, to whom, under the thirteenth paragraph of said will, was given the power to designate and appoint in his last will and testament, the person or persons who should, after the death of Spencer, receive the corpus of the trust estate was still living.

In his account the trustee charged himself with income received, of which the sum of $5,023.64 was collected while the estate was in the hands of the executors, and was paid over by them to the trustee. The trustee had made payments of income to the cestui que trust from time to time, and the balance of income in his hands was the aggregate of the balances remaining after deducting the payments made by him out of the several yearly receipts, in the exercise of the discretionary dower conferred upon him by the will. The whole amount of

income on hand was $5,311.52, of which the sum of $2,644.76 was income received from the trust-estate within the period of one year last past. The trust-estate consisted entirely of personalty. It was money invested upon mortgage and judgment liens, together with a small amount of cash in hand; and the duties of the trustee were not such as to require the maintenance or retention of a large contingent fund, to meet either actual or anticipated expenses.

Upon these facts, the auditor reported as his conclusions: (*a*) that the will directed an accumulation of annual income by the trustee, in violation of § 9, act of April 18, 1853, P. L. 503; (*b*) that the circumstance of the testator's giving to the trustee a discretion as to the payment of income to the cestui que trust, did not prevent the operation of the statute, and that it was unlawful, in the exercise of such discretion, so to manage the income of the trust fund as that an accumulation of income would result; (*c*) that the accumulation of income in the hands of the trustee belonged to the cestui que trust, under the terms of the will, and must be paid to him; but that (*d*) the trustee should be allowed full discretion as to the time and manner of paying over the annual income, for and during the period of one year from and after its receipt, and at the expiration of such period any balance of said income, remaining in the trustee's hands, should be paid over to the cestui que trust upon demand. The auditor accordingly recommended a decree that the sum of $2,666.76, being so much of the income in the hands of the trustee as was not received by him within the last preceding year, be paid to the cestui que trust, less the costs of audit.

Exceptions having been filed to the report of the auditor, the court, SWARTZ, P. J. 38th district, specially presiding, on September 3, 1888, filed an opinion in part as follows:

Is there a direction in the will of James G. Hibbs to accumulate rents, income, interest or profits? If so, is such provision in conflict with § 9, act of April 18, 1853, P. L. 503, prohibiting accumulations? If such provision, either express or implied, is found, and is in conflict with the said act, are the accumulations, if any, payable presently, and to whom?

The ninth item of the will empowers the trustee to receive the interest of the estate bequeathed to Spencer, pay over to

him whatever portion of it he shall deem necessary for Spencer to have, and invest the balance for Spencer's benefit. The account filed by the trustee shows that, in the exercise of his discretion, interest has accumulated amounting to over $5,000. The corpus of the trust, including the farm to be purchased by the trustee, is nearly $50,000. As these accumulations may continue during the lifetime of Spencer, it is difficult to determine what proportions they may in time assume. Whether these accumulations shall continue is not in the discretion of the trustee, for, if he finds the interest is more than sufficient to supply the necessities of Spencer, he is bound, under the direction in the will, to invest the balance. Where the effect of the provision is to swell the estate, the form of the language is unimportant: McKee's App., 96 Pa. 285; Mitcheson's Est., 11 W. N. 547.

The evil intended to be remedied by the statute will continue if the testator is allowed to do indirectly that which cannot be done directly. A direction which, if obeyed, results in an accumulation, is " a settlement or disposition of property for the accumulation of rents, issues, interest or profits." This accumulation is not protected by any exception in the statute. The act allows accumulations, only during the minority of a person who would, for the time being, if of full age, be entitled to the income so directed to accumulate: Washington's Est., 75 Pa. 102; McKee's App., 96 Pa. 277; Carson's App., 99 Pa. 325; Grim's App., 109 Pa. 391. The only other exception is the proviso that a donation, bequest or devise, for literary, scientific, charitable or religious purposes, shall not come within the prohibition of the statute.

It is claimed, however, that the spendthrift trust created by the testator is not within the statute prohibiting accumulations. The act is positive and sweeping in its terms, and leaves no room for such an exception. A discretionary power to accumulate for the lifetime of the cestui que trust, violates the statute as clearly as any direction freed from all discretion in the trustee. While the Supreme Court of our state, so far as we can ascertain, has not passed upon this question, the intimations given in Eberly's App., 110 Pa. 95, indicate that such trusts, providing for accumulations, are in violation of the statute of 1853. Gray on Perpetuities, § 720, examines this statute, and

concludes that spendthrift trusts, providing for accumulations, are prohibited by the statute. The same may be said of Scott on Trusts for Accumulation, § 128.

The discretion vested in James G. Hibbs is unlike the discretion given in the will in Barger's App., 100 Pa. 239. There, nothing vested in the children for seven years; the trustee could withhold all the income during that period. Here, we have, in the first direction, a bequest of a moiety of the estate to Spencer; then a direction to pay him the income only; and the income not expended is his, for it is to be invested for his benefit, and there is no bequest over of any accumulations. The entire income is for Spencer; the manner of its enjoyment alone is limited. The income now accumulated, in the hands of the trustee, is not needed to enable him to discharge the duties of the trust. The corpus consists of mortgages, judgments and cash, yielding a comparatively certain and uniform income. In this respect, the case is similar to McKee's Appeal, supra, and unlike Eberly's App., 110 Pa. 95, where the accumulations might have been required to carry out the purposes of the trust.

The accumulations now in hand are payable presently to Spencer B. Hibbs. By omitting the provision for accumulations in the will, there remains the direction to pay the income to Spencer. The testator did not mean to die intestate as to any part of his estate, for he directs that the surplus income shall be invested for Spencer's benefit. After the death of the cestui que trust, he gives the "moiety of my estate which I have given in trust" to the appointee of James. There is no attempt to dispose of any accumulations of the moiety given in trust, after Spencer's death. There was no need for such disposition over, for the testator intended the entire income for Spencer's use. The income and interest must be paid to Spencer, because the act directs they shall go to and be received by such person as would have been entitled thereto if such accumulation had not been directed: Stille's App., 4 W. N. 42. The auditor has carefully considered the questions arising under the submission to him, and reported a proper decree.

And now, September 3, 1888, the exceptions to the auditor's report are dismissed, and the decree submitted by him is confirmed.

Arguments.

Thereupon, the trustee took this appeal, specifying that the court erred in entering the foregoing decree.

*Mr. George Ross*, for the appellant.

1. The court below considered only the question whether the will contained a direction to accumulate income. But the primary question was whether any vested estate, as to either principal or income, was given to Spencer B. Hibbs. It is clear that there was not, as to the principal, for at Spencer's death James was empowered to dispose of it by his will; while, as to the income, James was given entire discretion whether to pay it to Spencer or not; and accumulated income would follow the corpus of the estate and go to the person or persons designated in the last will of James: Barger's App., 100 Pa. 239; Brown v. Williamson, 36 Pa. 339.

2. Assuming that the intention of the testator was to create a spendthrift trust, is such a trust within the purview of the act of April 18, 1853? Does that act destroy the entire purpose of such trusts, by striking down the discretion of the trustee, and requiring him at the end of the year to disburse such accumulation of income as he may have received, possibly to the direct injury, financially and morally, of the cestui que trust? Again; in most cases of trust-estates, there should be a reserve fund to meet emergencies and unforeseen contingencies, and its accumulation from income is not necessarily in conflict with the statute. The question depends upon the nature of the trust property and the duties of the trustee: Eberly's App., 110 Pa. 95. In this case, the present moderate excess of income is no more than may be required in the discharge of the duties of the trust.

*Mr. Henry Lear* (with him *Mr. Richard Watson* and *Mr. M. H. Stout*), for the appellee:

1. Under § 9, act of April 18, 1853, P. L. 503, no accumulation of income is allowable, except in the case of income belonging to a minor which he would be entitled to receive presently, but for the legal impediment of his minority: Washington's Est., 75 Pa. 102; McKee's App., 96 Pa. 277; Grim's App., 109 Pa. 391; Carson's App., 99 Pa. 325; Eberly's App., 110 Pa. 95; Scott on Trusts for Accumulation, § 149. Spen-

Opinion of the Court.

cer B. Hibbs is not within the class of persons for whom accumulations may be directed, and the direction to accumulate, contained in paragraph 9 of the decedent's will, is null and void.

2. It is immaterial whether the direction to accumulate income is express or implied, as in either case the statute applies: Tench v. Cheese, 6 De G., M. & G. 461; Sergeant's Pet., 11 Phila. 8; Eberly's App., 110 Pa. 95. The better opinion seems to include spendthrift trusts within the scope of the statute, and to make them subject to all its restrictions: Scott on Trusts for Accumulation, § 128; Gray on Perpetuities, § 720. While the court, in Eberly's App., supra, disclaimed any intention to decide this question, that case leans toward the support of the proposition just stated.

3. The testator's will vests an equitable estate in the fund in Spencer B. Hibbs, subject to a direction for illegal accumulations. This direction being void is to be stricken out, leaving the life-estate unrestricted as to its enjoyment, and the accumulations of income must go to Spencer: Stille's App., 4 W. N. 42; Howell's Est., 5 W. N. 430; Sergeant's Pet., 11 Phila. 8; Washington's Est., 75 Pa. 102; Scott on Trusts for Accumulation, § 164; Gray on Perpetuities, § 707. If the accumulations had not been directed, Spencer would have been entitled to the whole income. Therefore, by the express terms of the statute, the accumulations must be paid to him.

OPINION, MR. JUSTICE STERRETT:

There are two classes of cases in which the question of accumulations has been raised in this court since the passage of the act of 1853; (a) that in which the manifest purpose of the testator was to add such accumulations permanently to, and make them take the destination of the original trust-estate: Washington's Est., 75 Pa. 102; McKee's App., 96 Pa. 277; Carson's App., 99 Pa. 325; Grim's App., 109 Pa. 391; and (b), that in which the accumulations were intended to be temporary, and in the interest of judicious management: Eberly's App., 110 Pa. 95. The first came plainly within the prohibition of the statute; the second did not. The purpose of the statute was to prevent permanent accumulations; not to interfere with judicious management.

Syllabus.

The present case falls within the second class. The whole income is given in trust, and must be used for the benefit of Spencer B. Hibbs; but, as the "testator appears to have foreboded the thriftless" character of the beneficiary, he substituted the discretion of a trustee as to the manner of its use. The power vested in this trustee, to withhold and invest part of the income, must be so construed, if possible, as to make it operative. It does not in terms nor by necessary implication require permanent accumulations. As already seen, the whole income arising during the trust must be used for Spencer's benefit. In common prudence a contingent fund should be provided in anticipation of decrease of income, sickness and the like; and the natural inference is that the discretion was vested in the trustee with this view. The accumulation was to be temporary, and in the interest of judicious management. The record does not show that the amount, already set apart, is unreasonable in the circumstances, and we cannot assume that the trustee has abused his discretion.

> Decree reversed, with costs to be paid out of the trust fund; and record remitted for further proceedings in accordance with the foregoing opinion.