## Brown *et al. versus* Williamson's Executors.

A testator bequeathed to an insolvent son, one-seventh of his estate, upon trust to hold and manage the same, during his life, for the use of such child or children as his said son should have lawfully begotten at the time of his death; with power to invest the same in business, for the benefit of the trust, without subjecting the same to any debts except such as should be contracted in the execution thereof; and provided that in consideration that his said son would undertake and continue to execute personally the trust thereby committed to him, he should be allowed a reasonable support out of the trust fund, for his personal services rendered: *Held*, that the son took no beneficial interest, which was liable to execution for his debts.

Holdship *v.* Patterson, 7 *Watts* 547, and Ashhurst *v.* Given, 5 *W. & S.* 323, affirmed.

The doctrine of Leach *v.* Williams, 4 *Casey* 89, has no application, unless a beneficial interest vest in the first taker.

The Act of 18th April 1853, forbidding trusts for accumulation beyond the period of twenty-one years from the death of the testator, does not avoid such trusts *in toto*, but only for the excess beyond the statutory period.

ERROR to the Common Pleas of *Cumberland county.*

This was an attachment execution issued on a judgment in favour of William H. Brown & Co. against Francis G. Williamson, for $645.15, aud served on John T. Greene and Adam Coover, executors of Johnston Williamson, deceased, the father of Francis G. Williamson, as garnishee. The parties agreed upon a case stated, in which the following facts were submitted for the opinion of the court, with leave to either party to sue out a writ of error.

Johnston Williamson died in May 1859, leaving a large amount of real and personal property; and by his will, of which he appointed John T. Green and Adam Coover the executors, he provided as follows:—

"And further, I give and bequeath unto my son Francis G. the one-seventh of my estate, in trust for the following purposes and uses, to wit, that he shall possess, hold, and manage the same during his natural life, and out of the profits thereof, from time to time, to make such investments or purchase such property real or personal for the same uses and purposes and trusts, to wit, for the use of such child or children as the said Francis may have lawfully begotten at the time of his death, and if he should die without issue, then for the use of such person or persons as shall be my heirs at law at that time. And if the said Francis G. should at any time deem it advisable and useful for the purposes of the trust hereby created, that the said property hereby bequeathed should be invested in any business or enterprise, he is hereby authorized and empowered to do so, and to commence, conduct, and carry on such business or enterprise for the benefit

[Brown *et al. v.* Williamson's Executors.]

of the trust, as he may deem most advantageous, subjecting the estate hereby bequeathed or its proceeds or investments to such debts only as shall be contracted in the execution of the trust; and in consideration that my son Francis G. Williamson shall and will undertake and continue to execute personally and perform the trust hereby committed to him, he shall be allowed a reasonable support out of the trust fund for his personal services rendered. I desire that it shall be understood, that it is not because of the want of any confidence which I might have in my son Francis G. that I make no bequest absolutely to him, but it is because I desire to provide against my bounty to his children, and my heirs, being appropriated to those debts which he contracted in an unfortunate business."

On the 26th August 1857, the plaintiffs, William H. Brown & Co., obtained a judgment against Francis G. Williamson for $645.15, upon which the attachment in this case was issued. Francis G. Williamson was a married man; and had a wife and children living at the time of the service of the attachment, as well as before and at the time of making his father's will. He was then, and for many years before his father's death, had been insolvent. It was agreed, that if the court should be of opinion that the property bequeathed by the foregoing clause of Johnston Williamson's will, vested in his son, so as to make it subject to levy and sale, by execution or attachment, for the payment of the plaintiff's judgment, then judgment to be entered for the plaintiffs, otherwise for the garnishees.

The court below (GRAHAM, P. J.) gave judgment for the garnishees, on the case stated, and delivered the following opinion:—

" The question submitted arises under the will of Johnston Williamson, deceased, in which he bequeaths to his son Francis G. Williamson, the one-seventh part of his estate, in trust for certain uses and purposes mentioned and particularly designated in said will. The legacy thus given to Francis G. Williamson, in trust, &c., has been attached by his creditors, in the hands of the executors, and the question presented is, whether under the will of the testator, this legacy can be attached by the creditors of Francis G. Williamson. The language used by testator in this case in creating the trust, is identical with that used by the testator in Ashhurst *v.* Given, 5 *W. & S.* 330.

" We discover nothing in subsequent cases tending to impair the authority of this case, and that of Holdship *v.* Patterson, 7 *Watts* 547. On the contrary, these cases are mentioned in terms of commendation and approved in subsequent cases. In Norris *v.* Johnston, 5 *Barr* 289, the court say, in reference to the ruling in Holdship *v.* Patterson, and Ashhurst *v.* Given, ' The kindliest feelings of our nature are sanctioned, by enabling a benefactor to provide for an unfortunate and improvident person, by means

which are his own, and which he ought to be permitted to apply as he pleases, for the support of those whose appeal to him is but the voice of nature softened by infirmity or misfortune.' Again, in Eyrick and Deppen *v.* Hetrick, 1 *Harris* 491, it is said in a case similar to the present, 'The fact that the conveyance was made to assume the form of a trust, and for the special purpose of keeping John's creditors at bay, makes nothing against its validity, so far as the latter are concerned, for neither policy nor equity prohibits a parent to make such provision for the mainte- nance and comfort of an insolvent child. On the contrary, these trusts are favoured and sustained by the law, as suggested by the best feelings of our nature, and doing harm to no one.' See also Mathews *v.* Stephenson, 6 *Barr* 496.

"Thus we find the principle ruled in Holdship and Patterson, and Ashhurst and Given, has become a rule of property, and is not only sanctioned, but eulogized and commended in subsequent cases, as suggested by the kindliest and best feelings of our nature. The clause of the testator's will in this case, creating the trust, is copied or identical with the clause in the will of James Given, which was ruled in Ashhurst *v.* Given, to protect the bounty of testator from the creditors of his son.

"To overrule Ashhurst *v.* Given and the subsequent cases cited, would be to unsettle rules and legal principles hitherto con- sidered confirmed beyond doubt or cavil, and justly impair public confidence in the stability of the tenure by which we all hold our estates and possessions. We direct judgment to be entered for the defendants."

The garnishees, thereupon, sued out this writ, and here assigned the same for error.

*Henderson, Newsham,* and *W. H. Miller,* for the plaintiffs in error.—The bequest in Johnston Williamson's will is not a trust, but an absolute gift to Francis G. Williamson. The whole bene- ficial interest is given to him for life : *Hill on Trustees* 55 ; *Smith on Executory Interests* 216 ; Bush's Appeal, 9 *Casey* 87–8. The case of Ashhurst *v.* Given, 5 *W. & S.* 329, cannot be sup- ported as law ; and the morality of it is inconsistent with that of later decisions : Keeney *v.* Good, 9 *Harris* 354.

This case differs from Ashhurst *v.* Given, in this respect, that there the alleged trust was sought to be impressed on real estate, here the property is converted into personalty by the will of the testator, and the right to the enjoyment of personal property always accompanies the right of property : 2 *Bl. Com.* 389 ; Martin *v.* Mathiot, 14 *S. & R.* 214. It is clear, under the authorities, that the bequest to Francis G. Williamson does not constitute him a trustee : Gilbert *v.* Chapin, 19 *Conn.* 342 ; Hunter *v.* Steinbridge, 12 *Ga.* 194 ; Gibbs *v.* Marsh, 3 *Met.* 243 ; Lucas

[Brown *et al. v.* Williamson's Executors.]

*v.* Lockhart, 19 *Sm. & Marsh.* 470; Erickson *v.* Willard, 1 *N. H.* 232; Jackson *v.* Jackson, 2 *Barr* 212; Mitchells *v.* Johnson, 6 *Leigh* 461; Harper *v.* Phelps, 21 *Conn.* 270; Lillard *v.* Robinson, 3 *Litt.* 415; Burbank *v.* Whitney, 24 *Pick.* 146; Ellis *v.* Ellis, 15 *Ala.* 296; McKonkey's Appeal, 1 *Harris* 258; Pennock's Estate, 8 *Id.* 268; *Williams on Personal Property* 291, note 1; Kuhn *v.* Newman, 2 *Casey* 231–2; 7 *Harris* 372; 9 *Casey* 85; 11 *Harris* 29; 8 *Id.* 302; Rowland *v.* Morgan, 13 *Jurist* 23; 2 *Phillips* 763.

The Act of 18th April 1853, § 9 (*Brightly's Purd.* 701), forbids such a trust for accumulation, for the benefit of children, and vests it absolutely in Francis G. Williamson: Hillyard *v.* Miller, 10 *Barr* 335.

*Sharpe* and *L. Todd,* for the defendants in error, cited and relied on the cases of Holdship *v.* Patterson, 7 *Watts* 547; Ashhurst *v.* Given, 5 *W. & S.* 323; Norris *v.* Johnston, 5 *Barr* 289; and Eyrick *v.* Hetrick, 1 *Harris* 491.

The opinion of the court was delivered by

STRONG, J.—The judgment of the court below is sustained by the doctrine held in Holdship *v.* Patterson, 7 *Watts* 547, and in Ashhurst *v.* Given, 5 *W. & S.* 323. The latter of these cases can in no essential particular be distinguished from the present. From the principles recognised in them, there never has been any disposition in this court to depart. They have been approved in Norris *v.* Johnston, 5 *Barr* 289, and in Eyrick and Deppen *v. v.* Hetrick, 1 *Harris* 491.

The attempt to apply to this case the doctrine of Williams *v.* Leech, 4 *Casey* 89, is futile, for the very sufficient reason, that here is no particular estate. There is no beneficial interest vested in Francis G. Williamson.

Nor is the case affected by the Act of April 18th 1853: *Purdon's Dig.* page 701, sec. 9. The trust indeed may be transgressive, but even under the Ripon Act, 39 & 40 Geo. 3, ch. 98, in England, the excess only beyond the period allowed for trusts of accumulation is void. They are sustained for the statutory period. Our Act of 1853 was modelled after the Ripon Act, and it avoids only the excess in transgressive trusts.

The judgment is affirmed.