Estate of J. Edward Farnum, deceased.   Appeal of the Pennsylvania Company for Insurance on Lives and Granting Annuities, Trustee.

*Will—Construction—Time of payment of legacy—Accumulations.*

Testator directed his executrix to divide all the residue of his estate into as many parts or shares as there might be children or issue of a deceased child or children living at the time of his death, and the share or shares respectively of any child or children so living at the time of his death he directed his executrix to grant, assign and pay over to a trustee to invest the same, and hold such share or shares in trust for such child or children severally and respectively. By a codicil he directed as follows: "Respecting the shares of my daughters, I do will and direct that the trustee of their shares shall, upon the arrival of each of my daughters at the age of twenty-one years, pay, assign, transfer and set over to such daughter out of her

share the sum of twenty thousand dollars absolutely." *Held*, (1) that the provisions of the will directing accumulations of income of the daughters is in conflict with the act of 1853; (2) that the legacy of $20,000 was to be paid out of the corpus of the shares of the daughters in the residue of the estate, and not out of accumulations of income which under the will were invalid and belonged to the daughters absolutely.

*Decedents' estates—Unlawful accumulations.*

Unlawful accumulations of income under the act of April 18, 1853, go to the minor absolutely when attaining majority.

Argued Feb. 7, 1899. Appeal, No. 371, Jan. T., 1898, by Pennsylvania Company for Insurance on Lives and Granting Annuities, from decree of O. C. Delaware Co., Nov. T., 1898, No.    , dismissing exceptions to auditor's report. Before STER-RETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report. Before CLAYTON, P. J.

The auditor, Orlando Harvey, Esq., reported as follows :

J. Edward Farnum died, domiciled in the county of Delaware, Pennsylvania, on May 15, 1884, having first made and published his last will and testament and codicil thereto, dated respectively March 27, 1874, and December 23, 1881, duly proved and registered in the office of the register of wills for the county of Delaware aforesaid, and by whom letters testamentary were duly granted thereon to Eliza L. Farnum, widow of the testator, and executrix named in said last will and codicil thereto. In and by his said last will he did, inter alia, provide as follows : "I direct my executrix, as soon as possible after my death to divide all the residue of my estate, real and personal, into as many parts or shares as there may be children of mine, or issues of a deceased child or children, living at the time of my death, such issue collectively taking the parents share, and the share or shares of such issue of a deceased child or children to grant, assign, pay and deliver to them, severally and respectively, their heirs, executors, administrators and assigns; and the share or shares respectively of any child or children of mine so living at the time of my death, to grant, assign, pay and deliver to the Pennsylvania Company for Insurance on Lives and Granting Annuities, in trust to invest the same, if it or they shall be per-

sonalty in legal securities, and from time to time call in or sell any securities and re-invest the proceeds, or if it or they shall be real estate to keep the same productive and hold such share or shares in trust for such child or children severally and respectively, for his, her or their sole and separate use, free from his, her or their debts, liabilities or engagements, and, if a daughter, from the debts, liabilities and engagements of any husband she may have or take so that the same shall not be subject to levy or execution therefor, and as to the income of each of said shares to pay one third of the same to my said wife, for the maintenance and education of such child, without any duty, however, on her part to account for the same, if she receives it in full for such maintenance and education, and as to the remaining two-thirds of such income to accumulate the same into capital until such child shall be twenty-one years of age and from and after that time to pay all income accruing on such capital to such child for his or her own use, and as to the principal or capital of each of said shares, if such child be a son, to grant, assign, pay and deliver one-third thereof at each of the several ages of twenty-one, twenty-five and thirty respectively, and as to the principal or capital of each of such shares, if such child be a daughter, to hold the same in trust for such daughter during her natural life for her sole and separate use so that the same shall not be subject to her debts, liabilities or engagements, or the debts, liabilities or engagements of any husband she may have or take, paying the income thereof into her own hands upon her own receipt, and in trust at her death to grant, assign, pay and deliver the principal of the share of such daughter to such person or persons as she may by will have appointed and in default of such appointment to such person or persons as would take the same, by, from, through or under me, if I had died intestate owning the same."

And by the aforesaid codicil to said will the testator provided, inter alia, as follows: " Third, I also modify the provisions of my said will, respecting the shares of my daughters, and do will and direct that the trustee of their shares shall, upon the arrival of each of my daughters at the age of twenty-one years, pay, assign, transfer and set over to such daughter, out of her share, the sum of twenty thousand dollars absolutely, or if any daughter shall have arrived at that age before the payment to the

trustee aforesaid, of her share of my estate, I direct that my executrix shall make such payment and transfer of said sum of twenty thousand dollars to her directly."

Eliza L. Farnum, as executrix of her deceased husband's will, duly filed her account in the office of the register of wills of Delaware county aforesaid, and the balance of the decedent's estate was transferred into the hands of the present petitioner, the trustee named in said will. Elizabeth Farnum, one of the daughters of the decedent, and a cestui que trust named in said will, arrived at the age of twenty-one years on April 1, 1896, and immediately thereafter, to wit: upon June 16, 1896, the trustee aforesaid filed in the office of said register of wills its account of the income and accumulations to the share of the said Elizabeth Farnum, the said accumulations as shown by said account amounting to $46,785.41. As set forth in said petition, the said account was filed in order that it might be ascertained and determined to what extent the said accumulations during the minority of the said Elizabeth Farnum are illegal, if the same are in any way illegal; and further, in order that it might be ascertained and determined whether the legacy of $20,000, directed to be paid to the said Elizabeth Farnum upon her attaining her majority, by the terms of the aforesaid codicil, should be paid out of the said accumulations or out of the principal fund of the estate of the said cestui que trust.

The contention before the auditor was, therefore, by Mr. Smith, representing Miss Farnum, that the accumulations directed to be capitalized by the will were valid only during the minority of Miss Farnum, and that upon her becoming of age they belonged absolutely to her, and that, therefore, the $20,000 legacy must be paid out of the principal. On the other hand, Mr. Johnson, representing the trustee, contended that the legacy should be paid out of the accumulations and not out of the principal estate.

Are the provisions of the will directing the income arising from the share of the cestui que trust in the hands of the trustee to accumulate into capital until she arrives at the age of twenty-one years, and from and after that time the income accruing on such capital to be paid to such cestui que trust for her own use, and further directing that such capital or principal should be held by said trustee in trust for such daughter for her

sole and separate use, paying the income to her, and in trust at her death to pay the principal to such person or persons as she may by will appoint, void and unlawful because they are in conflict with the provisions of the act of April 18, 1853? This act provides as follows: " No person or persons shall, after the passage of this act, by any deed, will or otherwise, settle or dispose of any real or personal property so and in such manner that the rents, issues, interests or profits thereof shall be wholly or partially accumulated for any longer term than the life or lives of any such grantor or grantors, settlor or settlors, or testator, and the term of twenty-one years from the death of such grantor, settlor or testator, that is to say, only after such decease, during the minority or respective minorities, with allowance for the periods of gestation, of any person or persons who under the uses or trusts of the deed, will or other assurance directing such accumulations, would, for the time being, if of full age, be entitled unto the rents, interests, issues and profits so directed to accumulate ; and in every case where any accumulation shall be directed otherwise than as aforesaid, such direction shall be null and void in so far as it shall exceed the limits of this act, and the rents, issues, interests and profits so directed to be accumulated contrary to the provisions of this act shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed: " sec. 9.

There can be no question, in the opinion of the auditor, that the provisions of the will directing the income arising from the share of Elizabeth Farnum, the cestui que trust, to accumulate into capital until she is twenty-one years of age, and then that the income arising from the capital shall be paid to her during her natural life, are in direct conflict with the terms of the act of 1853, and therefore void. Such accumulations, under and by virtue of said act of assembly and the decisions thereunder, belong to the minor absolutely upon her becoming of age. Washington's Est., 75 Pa. 102, is the leading case upon this subject and has been followed by the below-named cases: McKee's App., 96 Pa. 277; Carson's App., 99 Pa. 325; Stille's App., 4 W. N. C. 42; Grimm's App., 109 Pa. 391; Rhode's Est., 147 Pa. 227.

The doctrine announced in Eberly's Appeal, 110 Pa. 95, and Hibbs's Estate, 143 Pa. 217, to wit: that the purpose of the act of 1853 was to prevent permanent accumulations and not to in-

terfere with judicious management, and that therefore where the sum accumulated did not exceed a reasonable contingent fund which the trustee might require in the administration of the trust, it was not an accumulation within the prohibition of the statute, does not apply in this case. There can be no possible reason why the capitalized accumulations, or any part of them, in this instance, should remain in the hands of the trustee to meet any of the requirements recognized by the court to be necessary and proper in the two cases last cited.

The only other question to be passed upon is whether the $20,000 legacy mentioned in the codicil to the will of the testator should be paid out of the accumulations· or out of the corpus of the estate of the cestui que trust. The auditor has carefully considered the able argument of the counsel for the trustee in support of· his contention that the intent of the testator was to keep the original estate intact, and that to diminish the original principal by the amount of the legacy and distribute all the accumulations as illegal would not only defeat his intention, but also run counter to the policy of the law, but cannot see his way clear to adopt this view of the case. In his opinion, the accumulations directed by the will were good only during the minority, and then under the provisions of the acts of assembly and the decisions of the courts, belong absolutely to the minor, no accumulations being authorized by law for any other person, and that therefore the $20,000 legacy must necessarily come out of the corpus of the estate. The language of the will and codicil would seem, in your auditor's opinion, to indicate that this was also the intention of the testator, for it will be noticed that in his will the testator has used the words " share and shares " invariably until he comes to dispose of the surplus income, which he directs the trustee to accumulate into capital, and from and after that time to pay all income accruing on such capital to his children ; and by his codicil he modifies the provisions of the will respecting the shares of his daughters, and directs that the trustee of their shares shall, upon the arrival of each of his daughters at the age of twenty-one years, pay over to such daughter out of her share the sum of $20,000 absolutely; or, if any daughter shall have arrived at the age before the payment to the trustee aforesaid of her share of his estate, he directs that his executrix shall make such payment and transfer

of said sum of $20,000 to her directly.   If this last event had happened in the case of this daughter, to wit: if she had become of age before the executrix had paid over to the trustee this daughter's share of the decedent's estate, it would have been the duty of the executrix to have paid to the daughter the said sum of $20,000, and as there would in all probability have been very little, if any, accumulated fund out of which to have paid the same in the hands of the executrix, it must necessarily have been paid out of the principal share of the said daughter's part of the decedent's estate in order to carry out the intent of the testator.

Mr. Johnson has requested the auditor to allow him a fee of $150 for his services, and as there is no objection raised by any one, this fee is allowed.

The auditor recommends a decree directing the said trustee to pay to the said Elizabeth Farnum the amount of said accumulations as shown by the trustee's account filed, to wit: the sum of $46,785.41, and also to pay to the said Elizabeth Farnum the further sum of $20,000, being the legacy mentioned in the said codicil, out of the principal of her estate in the hands of the said trustee.

*Errors assigned* were in dismissing exceptions to auditor's report.

*John G. Johnson*, with him *E. G. Hamersly*, for appellant.

*A. Lewis Smith*, for appellee.

OPINION BY MR. JUSTICE GREEN, April 24, 1899:

We think the learned auditor in the court below has correctly disposed of the question at issue in this case.   By the terms of the codicil the provisions of the will were expressly modified and changed, so that out of the shares of the daughters as fixed by the will there should be paid to the daughters respectively on their arrival at the age of twenty-one years, the sum of $20,000 absolutely.   The title of the daughters to these sums of $20,000 each, is derived directly from the codicil, and the source from which these sums are to be taken is the principal of the estate.   The testator directs his executrix to divide all

the residue of his estate into as many parts or shares as there may be children, or issue of a deceased child or children, living at the time of his death, and the share or shares respectively of any child or children so living at the time of his death he directs his executrix to grant, assign and pay over to the trustee, to invest the same and hold such share or shares in trust for such child or children severally and respectively.    The words "share" and "shares" as thus used in the will must clearly import share or shares in the residue of the estate, and when the testator in the codicil uses the same words to indicate the source from which the $20,000 must be taken, it necessarily follows that it is out of the residue of the estate, which is the principal in the hands of the trustee that these legacies must be paid.    That being so, the remaining considerations are very simple.    It is conceded that the provision for accumulations is void, and it is only necessary to refer to the statute to learn what becomes of them.    The words of the act (April 18, 1853) are, "And the rents, issues, interests and profits so directed to be accumulated contrary to the provisions of this act shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed."    Under our decisions in Washington's Estate, 75 Pa. 102, McKee's Appeal, 96 Pa. 277, Grimm's Appeal, 109 Pa. 391, Rhode's Est., 147 Pa. 227, and other kindred cases, the unlawful accumulations go to the minor absolutely upon attaining majority.    The title to them is derived from the statute and is therefore not within the control of the testator.    In this view of the subject it is clear that the whole amount of the unlawful accumulations belongs to the appellee, and must therefore be paid to her absolutely, and the $20,000 legacy, to her by force of the codicil, and that also must be paid to her directly.    We think the question is quite free of difficulty, and that it needs no further discussion.

Decree affirmed and appeal dismissed at the cost of appellant.