Stocking's Estate.

Argued March 24, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*B. H. Smyers, Jr.,* with him *Bert H. Smyers,* for appellant.—The legacy payable to appellant at age 23 cannot be reduced by part of the income previously released under the act against accumulations: Brush's Est., 277 Pa. 9; Farnum's Est., 191 Pa. 75; Thistle's Est., 263 Pa. 60; Wright's Est., 227 Pa. 69.

*Norman E. Clark,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 13, 1931:

The portion of the will of James S. Stocking necessary for our consideration in this appeal is as follows: "I direct that my executors shall pay to my grandson, James W. Stocking, the balance [three sevenths] of the net revenue of my estate for and during the term of his natural life, in quarterly installments, but during his minority and until he arrives at the age of twenty-three years, One thousand [$1,000] dollars per annum in quarterly installments, shall be paid to his legal representative for his education and maintenance, and the balance of the income of the said funds shall be left with my trustee to be invested and become part of the trust estate. I direct, however, that on the arrival of my said grandson at the age of twenty-three years, he shall be paid the sum of Seven thousand [$7,000.00] dollars in cash......."

The court below decided in 1922 on the petition of the grandson, who had then reached the age of twenty-one years, that the accumulation of income was void, and awarded it to him under the Act of April 18, 1853, P. L. 503, at section 9, which prohibits accumulations beyond the minority of a beneficiary. The act further provides that the unlawful accumulations shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed. Such persons are determined after inquiring into the provisions of the will (Martin's Estate, 185 Pa. 51, 53) and, if there are none, the accumulations pass under the intestate laws: Billings's Estate, 268 Pa. 71. When the account of the trustee came up for adjudication in 1930, the grandson claimed the full amount of the gift of $7,000, but the court below did not permit him to receive that amount, and gave him that sum less the accumulated income he had received under the proceedings above mentioned. We are now asked to decide whether the court below was correct in its conclusion.

In doing so, we will not consider the question of res adjudicata or estoppel by the acceptance of the trustee's voucher in full payment of the gift, but will limit our consideration solely to the will and assume all such questions as being now decided in favor of the appellant.

When the testator directed in substance that the balance of the income should be left with the trust, but directed, further, that his grandson should be paid the sum of $7,000 in cash on arriving at the age of twenty-three, the dominant thought in the mind of the testator was the disposition of income as a gift. The yearly balance of income over $1,000 was to be invested and become part of the trust estate. But the testator says of it, "I direct, however, that on the arrival of my said grandson at the age of twenty-three years he shall be paid the sum of Seven thousand [$7000.00] dollars in cash......." He intended this $7,000 gift was to be paid from the income which should accumulate. It

should have been quite ample for that purpose, and, if it were not, it is possible the principal might have been encroached on to make up the difference to the beneficiary. But this fact does not affect the testator's specific intent that the gift should come out of accumulated income. Our examination of the several income accounts leads us to believe testator was entirely justified in his belief that the accumulated income would be sufficient to meet the $7,000 gift.

The gift itself was valid, and only the accumulation of the fund from which it was to be paid was unlawful. The grandson received the accumulated income before the time allotted by the testator, but this did not destroy the efficacy of the payment as discharging the obligation imposed by the testator as well as satisfying his expressed intent. If the direction had been to accumulate all the income until the grandson had arrived at the age of twenty-three and then to pay it over to him, and if he had taken the same steps as he has in this case and received the income as he did when he reached twenty-one, he could not at the age of twenty-three claim the total amount of past accumulated income as a specific gift since there would be no income accumulated. The gift of $7,000 in the present case is analogous. The legatee will not be permitted to receive the money twice, first through the magnanimity of the law and again through the testator's gift under the will.

It is argued that this result would do indirectly what the act forbids doing directly and will circumvent the prohibition against accumulations. We do not so understand the effect of our decision. The testator directed, in short, that the income be accumulated until the grandson was twenty-three, at which time he was to receive from it $7,000. So far as the will provided for an accumulation beyond the minority of appellant, it was invalid (Brown v. Williamson's Exrs., 36 Pa. 338; White's Estate, 163 Pa. 388; Shallcross's Estate, 200 Pa. 122), and the court below rightfully permitted the

appellant, who had reached twenty-one, to receive it immediately: Washington's Estate, 75 Pa. 102; Farnum's Estate, 191 Pa. 75. There is no circumvention of the act against accumulations, since it has been decided that there can be no accumulation of the income, and the statute has no relation to maintaining intact the principal of the trust. The specific object of the statute is otherwise to maintain testator's intention; if that intention is in part frustrated by the act, it will only be to the extent necessary to carry out the act's mandate. Otherwise that intention will be effectuated, as in the distribution here made. The act against accumulations was not intended to punish the testator or penalize his estate because his will ran counter to that law. The effect of our decision is that, though the accumulation beyond the grandson's majority was unlawful and he was entitled to take the accumulated income immediately on his reaching twenty-one, and the income yearly thereafter, he cannot carve out of the principal of the trust estate what the testator intended to be made up of income.

Much reliance is placed on Brush's Estate, 277 Pa. 9. In that case the gift of specific sums out of principal was sustained because the testator expressly directed that, if necessary, the payment might be made out of principal. It was there said by Mr. Justice SIMPSON, that, regardless of the status of the income, the testator specifically stated that the principal should be used in making the payment and "there can be no doubt but that testator desired his son to receive the $10,000 on the particular date specified, and hence is careful to say it shall 'be paid as above specified and not by way of anticipation.' " The difference between the two wills is that in the instant case we hold that the income was the fund to be used to pay the gift, and in Brush's Estate, supra, the principal was specifically designated as the fund that could be used. In Farnum's Estate, supra, also relied on by appellant, the testator intended that

his daughters should be paid out of the principal of the trust. The income unlawfully accumulated was to be capitalized in another fund.

The court below in 1922, as well as in 1930, correctly interpreted the will when it stated that the accumulations should be treated as though the testator created a sinking fund for the $7,000 legacy, which was to be taken out of this sinking fund and given to the grandson, and as the latter has curtailed the available source of the sinking fund, he cannot now take the benefit of the $7,000 gift and at the same time take the source from which the gift was to spring. We are constrained to disagree with the contentions in the able brief and argument of appellant's counsel and hold that the court below was correct in its adjudication.

Decree affirmed at the cost of appellant.