## Wheelock Estate

*Cuthbert H. Latta, Louis M. Childs, 2d, Cormac J. Malloy* and *Louis D. Stefan,* for appellants.

*Daniel L. Quinlan, Jr.,* Special Assistant Attorney General, for Commonwealth.

TAXIS, P. J., June 24, 1959.—This matter comes before the court on appeal from an inheritance tax appraisement. The parties have stipulated the facts and the sole dispute concerns the interpretation of a deed of trust and the law relating to accumulations of income.

The stipulation establishes the following:

On December 1, 1938, Ward Wheelock, who then had three minor children, executed three similar deeds

of trust by which he created an irrevocable trust for the primary benefit of each of his three children. The trust that was created for his son Ian is involved in the present proceeding.

Ian reached 21 on November 22, 1953, while his father was still living. About 14 months later he and his father disappeared at sea, and on July 11, 1955, this court entered decrees establishing the presumed deaths of both on the date of their disappearance, January 24, 1955: Wheelock Estate, 5 Fiduc. Rep. 553. Between December 1, 1938, when the trust was created, and January 24, 1955, when Ian died, all of the trust income was accumulated by the trustees in accordance with the terms of the trust. By the time of Ian's death the value of the accumulations had reached $288,198.56.

After Ian had been declared dead, the Girard Trust Corn Exchange Bank as surviving trustee of his trust filed an account in the Orphans' Court of Philadelphia County. When the account was called for audit, all of the parties in interest, the Girard as surviving trustee of the two parallel trusts for the two other children, Ian's personal representative and the two other children as residuary beneficiaries under Ian's will, took the position that under the terms of the trust all of the accumulated income was distributable to the two parallel trusts. The Commonwealth of Pennsylvania, however, disagreed with this position and argued that under the terms of the trust Ian had an absolute right to the accumulated income as it accrued. Accordingly they argued that the accumulated income should be awarded to his estate where it would be subject to the Pennsylvania transfer inheritance tax. On June 25, 1957, the auditing judge, Hon. Mark E. Lefever, filed an adjudication in which he adopted the Commonwealth's interpretation of the trust and

awarded the accumulated income to Ian's personal representative.

The parties in interest filed exceptions to this adjudication, and after argument before the court en banc, that court referred the case back to the auditing judge for further consideration. Thereafter, on February 26, 1958, a new adjudication was filed in which the accumulated income was awarded to the two parallel trusts. The auditing judge took this action on the ground that the Commonwealth had no standing in the adjudication of that account and that the agreement of all the parties in interest made it unnecessary for him to decide the question involving the transfer inheritance tax. The Commonwealth filed exceptions on March 10, 1958, which are still pending.

On April 29, 1958, the Commonwealth filed, in Montgomery County, a supplemental and a corrected supplemental inheritance tax appraisement in Ian's estate which is being administered in this county. This appraisement treated the accumulated income as part of the taxable estate of Ian and fixed its value at $288,198.56. From this action the present appeals were taken. There is no dispute over the value attributed to the accumulations.

Initially it must be determined whether under the terms of Ian's trust the income accumulations were vested in Ian and therefore passed to his estate, or whether Ian's interest was contingent upon his attaining the age of 25. In the latter event the accumulations would pass under the terms of the trust to the other parallel trusts in favor of his brother and sister and would not form part of Ian's taxable estate.

The deed of trust contains five paragraphs, of which paragraphs *I*, *II* and *V* control the present proceeding. More particularly these provisions provide as follows:

"*1.* Until IAN WARD WHEELOCK, son of the SETTLOR shall attain the age of twenty-five (25) years, or in the event the death of the SETTLOR before he attains the age of twenty-one (21) years, then until he shall attain the age of twenty-one (21) years, the net income of the trust, after the deduction of all proper or necessary charges, taxes and expenses, shall be accumulated or distributed as follows:

"(a) During the lifetime of said MARGOT TREVOR WHEELOCK, wife of the SETTLOR, the TRUSTEES shall pay to MARGOT TREVOR WHEELOCK for the maintenance, education and support of the SETTLOR'S said son, IAN WARD WHEELOCK, all or any part of the current or accumulated income of the trust as MARGOT TREVOR WHEELOCK, wife of the SETTLOR, may from time to time in writing direct. Any part of the income not so paid to said MARGOT TREVOR WHEELOCK shall be accumulated.

"(b) After the death of the SETTLOR'S wife, MARGOT TREVOR WHEELOCK, and in the event the SETTLOR survives her, the remaining TRUSTEE shall have the option, as long as the SETTLOR lives, either to accumulate the income of the trust or to pay all or any part thereof, which in its sole judgment and discretion it deems proper and advisable, for the maintenance, education and support of the SETTLOR'S said son, IAN WARD WHEELOCK, or any other child or children of the SETTLOR living at the time of such payment.

"(c) From and after the death of the survivor of the SETTLOR and his said wife, MARGOT TREVOR WHEELOCK, the remaining TRUSTEE shall pay to the guardian of the person of said son, IAN WARD WHEELOCK, all or any part of the sum of Five Hundred ($500.00) Dollars per year as may be requested in writing by said guardian, to be used by

said guardian to defray the cost of food, lodging and general care of SETTLOR'S son, IAN WARD WHEELOCK; and shall pay to and at the written request of said guardian, all or any part of the additional sum of Twenty-Fve Hundred ($2,500.00) Dollars during each year, to defray the cost of education, clothing, personal and all other expenses of said son. In addition to the sums so to be paid yearly to and upon the request of the guardian of said son the remaining TRUSTEE shall pay to and at the written request of said guardian, out of the principal or accumulated income of the trust, all or any part from time to time as the said guardian may so request, of a total sum of Thirty-Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($3,333.33) to be used by the said guardian for such special purpose in connection with the maintenance, education and support of any one or all of the children of the SETTLOR living at the time of such request by said guardian as the said Guardian may deem necessary or advisable. Any income not so paid to and at the request of said guardian shall be accumulated.

"(d) All accumlations of income shall be paid to said IAN WARD WHEELOCK when he attains the age of twenty-five (25) years, or in the event of the death of the SETTLOR before he attains the age of twenty-one (21) years, then, when he attains said age of twenty-one (21) years."

"II. From the time SETTLOR'S son, IAN WARD WHEELOCK, attains the age of twenty-five (25) years or, in the event of the death of the SETTLOR before he attains the age of twenty-one (21) years, then from the time he attains the age of twenty-one (21) years, until he attains the age of thirty-five (35) years, the TRUSTEES shall pay to said IAN WARD WHEELOCK periodically, but not less frequently than quarterly, the entire net income of the trust."

"*V.* In the event that SETTLOR'S son, IAN WARD WHEELOCK, should die before reaching the age of thirty-five (35) years, this trust shall terminate and the corpus or principal and any *accumulated income therein,* shall be paid and distributed share and share alike to and among his issue, *per stirpes;* and if he leaves no issue him surviving, then the corpus or principal of this trust, and any accumulated income therein shall be divided into as many equal shares as there are other children of the SETTLOR who have survived him, or having predeceased him, have left issue surviving him, and the said respective shares shall thereupon be paid and distributed to and among said other children of the SETTLOR, and the issue of any deceased child or children of the SETTLOR, *per stirpes;* provided, however, that the share to which child of the SETTLOR may be entitled hereunder, for whom a trust created by the SETTLOR may then be in existence, unterminated, shall be paid and distributed not to such child but to the TRUSTEES for such child to be held as part of the principal of and subject to all the terms and conditions of such trust."

From a reading of the above paragraphs, it is apparent that settlor intended Ian's interest in accumulated income to be contingent upon his attaining the age of 25.

Paragraph *V* of the trust indenture specifically disposes of the income accumulated during the life of this trust upon the death of Ian. It provides in part that should Ian die before reaching the age of 35: ". . . this trust shall terminate and the corpus or principal *and any accumulated income therein,* shall be paid and distributed share and share alike to and among his issue . . ." (Italics supplied.) Settlor thus provided for the contingency of Ian dying prior to the age of 25 as in fact was the case, when the accumulated income would still be in the trust and available for dis-

tribution. It is not reasonable to assume that settlor would have provided for this gift-over of accumulated income had he intended to give Ian a vested interest in the accumulated income prior to attaining the age of 25.

The Provisions of paragraph *I* confirm the conclusion that Ian received no vested right to the accumulated income unless and until he attained the age of 25. Paragraph *I* gives Ian only a right to an indeterminate amount of income spent for his benefit during the accumulation period. Sections (*a*) and (*b*) of paragraph *I* give settlor's wife and the corporate trustee during the lifetime of settlor, complete discretion as to the use of the income for Ian's maintenance, education and support. Section (*c*), applicable after the death of settlor and his wife, sets forth specific limitations on the amounts which the corporate trustee may expend for the benefit of Ian from income or from principal and accumulated income. It is well settled that when someone other than the beneficiary has discretion over the amount of income to be distributed to a beneficiary, "until that discretion has been exercised the *cestui qui trust* has nothing": Keyser v. Mitchell, 67 Pa. 473, 477.

In addition it will be noted that sections (*b*) and (*c*) of paragraph *I* provided that part of the accumulated income may be diverted from Ian and spent for the benefit of settlor's other children. It is evident, therefore, that settlor did not intend to give Ian any vested right to income or accumulated income unless and until he attained the age of 25, a contingency which did not occur. Accordingly, I find that the accumulated income of this trust passes under the terms of paragraph *V* of the deed to the parallel trusts created for Ian's brother and sister.

The Commonwealth argues that under the above interpretation the income accumulations of this trust

are violative of the terms of the Act of April 18, 1853, P. L. 503, sec. 9, 20 PS §3251. More specifically, they contend that the deed of trust permits income accumulations beyond the minority of the beneficiary. The trustees on the other hand argue that the accumulation provisions in this deed are directly tied to or limited *by the lifetime of settlor* and as such are permissible under the terms of the statute. It is well settled that income accumulations limited to either the minority of the beneficiary or the lifetime of settlor are permissible.

After a careful reading of the subject indenture it is apparent that settlor was primarily interested in limiting accumulations during his lifetime. Paragraph *I* of the deed of trust initially limits the period of accumulations to the lifetime of settlor. It states: "Until IAN WARD WHEELOCK, son of the SETTLOR, shall attain the age of twenty-five (25) years, *or in the event of the death of the SETTLOR before he attains the age of twenty-one (21) years,* then until he shall attain the age of twenty-one (21), the net income of the trust . . . shall be accumulated . . ." (Italics supplied.)

Section (*b*) also gives the remaining trustee the power to accumulate ". . . as long as the SETTLOR lives . . .", and section (*d*) again reiterates the limitation in the following language: "(d) All accumulations of income shall be paid to said IAN WARD WHEELOCK when he attains the age of twenty-five (25) years, *or in the event of the death of the SETTLOR before he attains the age of twenty-one (21) years,* then when he attains the age of twenty-one (21) years." (Italics supplied.)

Paragraph *II* then proceeds to clearly spell out that in the event of settlor's death "the entire net income of the trust" shall be paid out to Ian. Only if settlor

continues to live is the income to be accumulated until the son reaches the age of 25.

The Commonwealth has argued that the limitation on these accumulations is not related to the lifetime of settlor but is based solely upon the minority of the beneficiary plus four years, and accordingly exceeds the beneficiary's minority limitation exception to the general prohibition of income accumulations. They also argue that the possibility exists under this deed of trust for accumulations to occur after the death of settlor. They point to section (c) which gives the remaining trustee, after the death of both settlor and his wife, a power to accumulate income. Section (c) of this deed undoubtedly does expressly allow for accumulation of income after the death of settlor. However, it is clear from the other previously quoted portions of this deed that the accumulations in this particular contingency are limited by the minority of the beneficiary and accordingly fall within that well recognized exception to the general rule.

. In addition the Commonwealth has pointed out that under a strict and literal interpretation of the language of the deed accumulations could occur in the event of the death of settlor after the beneficiary attained the age of 21 but before he attained the age of 25. In fact settlor did die after the beneficiary had reached his majority but prior to his attaining the age of 25. However, again it is apparent from the previously quoted provisions that the draftsmen of this indenture was aware of the necessity of limiting accumulations to either the minority of the beneficiary or the lifetime of settlor. Although the introductory language of paragraph *I*, i.e., "until IAN WARD WHEELOCK, son of SETTLOR, shall attain the age of twenty-five years, or in the event of the death of the SETTLOR before he attains the age of twenty-one . . ." would seem to have omitted from settlor's life-

time limitation an hiatus from the age of 21 to 25 should settlor die during this interim, section (*b*) expressly covers this loophole by permitting accumulations only "as long as the SETTLOR lives." Thus here expressly is contained the limitation that the draftsman had foremost in mind throughout the entire deed, i.e., that the accumulations must necessarily be limited to settlor's lifetime. Accordingly had settlor died during the age 21 to 25 interim, and left Ian surviving, the accumulations would have ceased at this point and would not have continued until Ian reached age 25. Any other interpretation of this indenture would render nugatory the express limitation contained in section (*b*).

A second objection raised by the Commonwealth is that the deed postpones distribution of the accumulations of income for a period extending beyond the death of settlor. It is well established that accumulations of income limited to the minority of the beneficiary must be distributed to the minor upon the minor's attaining his majority. Capitalization of the accumulated income upon the minor's attaining his majority is prohibited: Farnum's Estate, 191 Pa. 75; Washington's Estate, 75 Pa. 102. However, as already noted, income accumulations in the present trust are limited primarily by the lifetime of settlor. The minority-of-the-beneficiary limitation is only secondary to this over-riding lifetime-of-the-settlor limitation. The Commonwealth has cited numerous cases reiterating the above rule prohibiting capitalization of income accumulations during the beneficiary's minority, but no authority has been cited imposing a similar restriction on income accumulated during settlor's lifetime. As a matter of logic it would seem proper to permit a settlor to direct that income accumulations during his lifetime shall be retained in trust following his death. The policy prohibiting the capitalization of income ac-

cumulated under the minority of the beneficiary limitation would not be applicable to income accumulated under settlor's lifetime limitation. During his lifetime a settlor could avoid the use of a trust instrument completely, accumulate income on a certain portion of his estate and then direct that this accumulated amount be held in trust following his death. Unlike accumulation during a beneficiary's minority, it would not be reasonable to require this type of accumulation to be distributed outright to the beneficiary at the expiration of settlor's lifetime.

Accordingly, I conclude that the income accumulations provided for under this deed of trust do not violate the terms of the Act of 1853, supra, or the cases interpreting that statute. The income accumulations therefore pass under the terms of the indenture to the parallel trust created for Ian's brother and sister and do not become a part of Ian's estate.

And now, June 24, 1959, the appeal is hereby sustained and it is hereby directed that the Commonwealth's supplemental appraisement be set aside to the extent that it includes the $288,198.56 representing accumulated income.